PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

LEIF DAUTCH (CABN 283975)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7534
FAX: (415) 436-7234
Leif.Dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRIL HANNA,<br><br>Defendant. | **CASE NO. 22-CR-048-CRB**<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: April 23, 2025 (Admission and Sentencing)<br>Time: 10:00 a.m.<br>Court: Honorable Charles R. Breyer |

## I. INTRODUCTION

Defendant Cyril Hanna is scheduled to appear before this Court on April 23, 2025 to admit the two allegations contained in the Form 12 petition filed on September 13, 2024 and to be sentenced. As noted in the defense's "Status and Sentencing Memorandum," Hanna will "plead no contest" to charges that he committed a federal, state, or local crime by committing first degree robbery and unlawful firearm possession, and violated his supervised release condition that he not possess a firearm. ECF No. 134 at 1. Hanna recommends the Court impose a sentence of 12 months in custody, with no supervision to follow. The government appreciates Hanna's acceptance of responsibility at this stage (following a contested preliminary hearing at which the government presented live witness testimony and 35 exhibits). But the seriousness of the offense conduct—an armed robbery in which Hanna and his

accomplice bound one victim and threatened to shoot two other victims—warrants a higher sentence. Thus, the government recommends 16 months in prison, a small variance from the applicable Guidelines range of 18-24 months. As explained below, that sentence will protect the public and provide adequate deterrence from future misconduct.

## II. THE SECTION 3553(A) FACTORS SUPPORT A 16-MONTH SENTENCE

Under 18 U.S.C. section 3583(a), a court may impose a custodial term for a violation of a defendant's supervised release conditions after considering the factors set forth in section 3553(a), specifically: the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence to criminal conduct and protect the public. Here, those factors support a 16-month sentence.

First, the nature and circumstances of the offense are extremely serious. As outlined at the preliminary revocation hearing and in the government's opposition to the detention appeal (ECF No. 119), the evidence shows that Hanna and an accomplice lured a man to an apartment with the promise of a drug deal, then zip-tied and robbed him, and went to his car where they brandished a firearm and threatened to shoot the two female occupants. Hanna and his accomplice fled, having stolen a luxury watch, ring, earrings, cash, computer, phone, and a necklace totaling $42,000 in value (none of which, to the government's knowledge, have been recovered). Parts of the crime are captured on surveillance footage, and the victims' account is corroborated by zip ties and duct tape found at the scene. This was extremely dangerous conduct that warrants a substantial custodial term.

Second, this was not a one-off aberration. Rather, the August 2024 armed robbery was just the latest in a series of violent offenses for which Hanna has been arrested and/or convicted. His prior federal conviction arose from a 2021 incident in which Hanna was found with a loaded firearm after fleeing from police and crashing his truck into parked cars and the front gate of a home. That was Hanna's second gun-related arrest since his March 2021 release from state prison, where he had served nine years for an armed robbery. In addition to that prior conviction for robbery with a firearm, Hanna has a juvenile adjudication for voluntary manslaughter, two separate arrests for murder, two other arrests for attempted murder, and still further arrests for assault with a firearm, robbery, and burglary. In fact, counting his recent arrest for armed robbery, Hanna has been arrested for a violent offense nearly every

year that he has been out of custody since 2002. Thus, Hanna's history and characteristics call for a 16-month sentence.

In fact, such a sentence might be inadequate to protect the public or deter future misconduct by Hanna if not for one factor. This agreement is made without any promises or assurances about Hanna's state case in Contra Costa County. He was arrested on a Ramey warrant on September 10, 2024, but was not charged by the DA with the robbery at that time. However, the government has repeatedly informed Hanna and his counsel that the District Attorney's Office's expressed plan is to wait until Hanna's accomplice is also in custody so that both men can be charged together. Thus, Hanna and the government both entered into this agreement with the understanding that a state prosecution for the same conduct could well follow. Such a prosecution could result in Hanna being detained pending the adjudication of that state case, could result in additional state custody time, and could result in a period of parole or probation supervision which would make continued federal supervision superfluous. It is for those reasons that the government believes that a 16-month custodial term, with no federal supervision to follow, satisfies the section 3553(a) factors.

DATED: April 21, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*<u>/s/ Leif Dautch</u>*
LEIF DAUTCH
Assistant United States Attorney